```
            IN THE UNITED STATES DISTRICT COURT
                WESTERN DISTRICT OF ARKANSAS
                    FAYETTEVILLE DIVISION
```

ANDREA NEWTON                                              PLAINTIFF

v.                       CASE NO. FA-06-5153

CLINICAL REFERENCE LABORATORY,
INC., a foreign corporation;
GLOBALLAB SOLUTIONS, INC., a
foreign corporation; and
JOSEPH D. SPATARO, M.D.,
an individual                                             DEFENDANTS

                  <u>ORDER GRANTING MOTIONS TO DISMISS</u>

There are several motions before the Court. They include: Separate Defendant Clinical Reference Laboratory's Motion to Dismiss and Supplemental Brief (Docs. 9 & 10); Separate Defendant Globallab Solutions, Inc.'s, Motion to Dismiss and Supplemental Brief (Docs. 13 & 14); Separate Defendant Joseph Spataro's Motion to Dismiss and Supplemental Brief (Docs. 5 & 6); and Plaintiff's Responses (Docs. 19 & 20). The motions by Separate Defendants Clinical Reference Laboratory and Globallab Solutions, Inc., attack the Plaintiff's Complaint for failure to state a claim upon which relief may be granted. Separate Defendant Spataro's motion specifically attacks Plaintiff's Complaint for failure to include an expert affidavit within thirty days of filing the Complaint pursuant to Ark. Code Ann. § 16-114-209(b)(3)(B). For the reasons that follow, Separate Defendants' motions to dismiss are **GRANTED**.

**I.   Motion to Dismiss Standard**

In ruling on a motion to dismiss, the district court must accept the allegations contained in the complaint as true, and all reasonable inferences from the complaint must be drawn in favor of the non-moving party. *Hafley v. Lohman,* 90 F.3d 264, 266 (8th Cir. 1996). Complaints should be liberally construed in the plaintiff's favor and should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *Rucci v. City of Pacific,* 327 F.3d 651, 652 (8th Cir. 2003) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957)).

## II. Factual Summary and Discussion

The following facts are undisputed unless noted. On June 7, 2005, the Plaintiff was at work with the Cherokee Nation Enterprises West Siloam Springs Casino in West Siloam Springs, Oklahoma ("Casino"), when she was singled out for a random drug test. An employee of the Casino collected an oral swab specimen for drug analysis which was then shipped to Separate Defendant Clinical Reference Laboratory (CRL). CRL analyzed the oral swab specimen and reported it positive for marijuana metabolite. The results were forwarded to Separate Defendant Globallab Solutions, Inc. (Global), for a Medical Review Officer to process the test and result.

Separate Defendant Joseph D. Spataro, M.D., (Dr. Spataro)

performed the Medical Review Officer function of the test, which included contact with the Plaintiff in Arkansas to discuss the results and determine whether the test results would be confirmed as positive or rejected.[1] Dr. Spataro called but could not reach Plaintiff directly, and left a message on her answering machine. Dr. Spataro then contacted the Plaintiff on her unlisted cellular telephone number. Plaintiff alleges this cellular number was not on any of the forms provided as part of the drug test nor available otherwise as it was an unlisted number. She contends it follows that Dr. Spataro must have obtained the number from Plaintiff's employer. Plaintiff also contends Dr. Spataro must have been in contact with Plaintiff's employer before he spoke with Plaintiff, in order to get the unlisted cellular phone number, which would be in violation of the standard of care for a medical review officer.

Separate Defendant Dr. Spataro confirmed the positive results of the test after speaking with Plaintiff, but allegedly failed to inquire as to any medications that Plaintiff may have taken around the time of the drug test. The Casino terminated Plaintiff's employment, and she alleges the termination occurred as a result of the Defendants' negligence.

---

[1] Separate Defendant Global denies that Dr. Spataro is an employee of Global.

In their motions to dismiss, Separate Defendants CRL and Global raise the issue of whether either company owed Plaintiff a duty to exercise reasonable care in the performance of their functions of her employment related drug test, and whether her complaint states a cause of action in that regard. Separate Defendant Spataro contends that Plaintiff's complaint should be dismissed for failure to state a claim because Plaintiff failed to properly file an expert affidavit within the required thirty days after filing her complaint (Doc. 6) as required under Arkansas law. Plaintiff, in response, contends that Ark. Code Ann. § 16-114-209 is a procedural statute and has no application in federal court, and that this is an action for common law negligence, not malpractice (Doc. 20).

Arkansas law requires a plaintiff to file with the court an affidavit of an expert within thirty (30) days of filing of the complaint. *Ark. Code Ann*. § 16-114-209. If an affidavit is not filed within the required thirty (30) days, "the complaint *shall* be dismissed by the court." *Ark. Code Ann*. 16-114-209(b)(9)(3)(B)(emphasis added). According to Arkansas law, an "'action for medical injury' means any action against a medical care provider, whether based in tort, contract, or otherwise, to recover damages on account of medical injury." *Ark. Code Ann*. § 16-114-201. The Arkansas Code also defines

medical injury:

> "Medical injury" or "injury" means any adverse consequences arising out of or sustained in the course of the professional services being rendered by a medical care provider, whether resulting from negligence, error, or omission in the performance of such services; or from rendition of such services without informed consent or in breach of warranty or in violation of contract; or from failure to diagnose; or from premature abandonment of a patient or of a course of treatment; or from failure to properly maintain equipment or appliances necessary to the rendition of such services; or otherwise arising out of or sustained in the course of such services.

*Ark. Code Ann.* § 16-114-201.

The Plaintiff's complaint alleges that her injury occurred as a result of the professional services rendered by the Separate Defendants (Doc. 1). Although Plaintiff contends this is a negligence action, and not subject to the medical malpractice laws of Arkansas, she has failed to show why this shall not be considered an action against a medical care provider, "based in tort, contract, or otherwise." Accordingly, the Court finds this action governed under Arkansas Malpractice Law. Clearly then, an expert affidavit would normally be required to have been filed within thirty (30) days of the filing of a complaint alleging negligence by a physician. However, Ark. Code Ann. § 16-114-206 requires expert testimony only "when the asserted negligence does not lie within the jury's comprehension as a matter of common knowledge...."

The Arkansas Supreme Court and the Court of Appeals have

found very few instances in which expert testimony would not be required, and these cases are distinguishable from Plaintiff's case. A surgeon's failure to properly sterilize his instruments or failure to remove a sponge from a surgical incision were found to be within the common knowledge of the jury. *Lanier v. Trammell*, 180 S.W.2d 818 (1944); *Haase v. Starnes*, 915 S.W.2d 675, 678 (1996). Here, Plaintiff must prove the applicable standard of care for a medical review officer. The complex pathology involved in the drug testing procedures places this matter beyond the common knowledge of the jury, as does the standard of care issue applicable to medical review officers. Therefore, the exception to the expert affidavit filing requirement does not apply in this case.

The Court finds the requirements of Ark. Code Ann. § 16-114-209(b)(1) have not been met. Plaintiff filed a response to Dr. Spataro's motion to dismiss, but it was filed more than sixty (60) days after the complaint. The response included a lengthy affidavit from her expert (Doc. 18 & 19). Not only did this fail the substantive affidavit filing requirements, but it was also filed past the thirty (30) day time limit.

Plaintiff also contends, without providing any substantive support, that the affidavit filing requirement is a procedural state law and not applicable in federal court.

The purpose of enacting the affidavit statute was a policy choice in favor of the early dismissal of meritless lawsuits which is clearly a decision that is outcome-determinative. There are no countervailing federal interests that would prevent the Arkansas statute from being applied in this Court, and Plaintiff has failed to provide any persuasive reasons. Plaintiff argues that because the affidavit filing statute is found within the title dealing with "practice, procedure and court," it is necessarily a procedural statute. (Doc. 19-1).

Several states have statutes similar to Ark. Code Ann. § 16-144-209 and several have been found part of the substantive law of the respective states by federal courts. *See, e.g., Weasel v. St. Alexius Medical Center*, 230 F.3d 348 (8th Cir. 2000) (affirming the dismissal of a diversity medical malpractice action by a federal district court for failure to file an expert affidavit as required under North Dakota law); *Ellingson v. Walgreen Co.*, 78 F. Supp. 2d 965 (D. Minn. 1999)(holding that a Minnesota statute requiring the filing of an expert affidavit is substantive law to be applied by federal courts sitting in diversity).

Accordingly, this case is dismissed pursuant to the express language of Ark. Code Ann. § 16-114-209(b)(3)(B). The Court need not reach the merits of the other issues for dismissal.

**III. Conclusion**

Based on the foregoing, the Court **GRANTS** the pending motions to dismiss.  This case is DISMISSED WITH PREJUDICE, with each party to bear its own costs and fees.

IT IS SO ORDERED this 28th day of December, 2006.

/s/ Robert T. Dawson
Robert T. Dawson
United States District Judge